*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2086**


State of Minnesota,
Respondent,

vs.

Patrick Allison Baker,
Appellant.


**Filed October 3, 2016
Affirmed
Bjorkman, Judge**


Clay County District Court
File No. 14-CR-14-3946

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Michael D. Leeser, Assistant County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Julie Loftus Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Kirk, Presiding Judge; Schellhas, Judge; and Bjorkman, Judge.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges his convictions of being a prohibited person in possession of a firearm and possession of a short-barreled shotgun, arguing that the evidence was insufficient because it consisted of uncorroborated accomplice testimony. We affirm.

## FACTS

Appellant Patrick Allison Baker and C.E. were involved in a relationship for four-and-one-half years. Both are prohibited from possessing firearms due to previous felony convictions. In mid-2013, C.E. moved in with her sister, S.H. During that time, Baker resided with C.E. at S.H.'s house for "a couple of months." Baker and C.E. were asked to move out because they were using drugs. In December 2013 or January 2014, C.E. was permitted to move back into the house, but S.H. and her husband prohibited Baker from being there. C.E. secretly allowed Baker to visit and spend the night on several occasions.

In early 2014, C.E. twice observed Baker with a dark-colored shotgun. On the first occasion, Baker was cleaning the shotgun. On the second occasion, C.E. saw Baker and another individual hide the shotgun in a vent in the basement bedroom of S.H.'s house. C.E. moved out of the house shortly thereafter. In April, C.E. told L.H., S.H.'s sister-in-law, about the shotgun. L.H. told S.H.'s husband, and he called the police after confirming it was still in the vent. Officer Vern Heltemes of the Moorhead Police Department responded and removed the shotgun. The shotgun was transferred to the Bureau of Criminal Apprehension (BCA), which tested it for latent fingerprints. The

BCA discovered one fingerprint near the trigger, which was matched to Baker's right index finger.

Respondent State of Minnesota charged Baker with being a prohibited person in possession of a firearm and possession of a short-barreled shotgun. The district court held a court trial and found Baker guilty of both counts. Baker appeals.

## DECISION

Baker argues that his convictions must be reversed because they are based on uncorroborated accomplice testimony. *See* Minn. Stat. § 634.04 (2012) (providing that a conviction may not be based on accomplice testimony "unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense"). He frames his argument as a sufficiency-of-the-evidence challenge. Our supreme court observed in *State v. Scruggs* that whether a person may be considered an accomplice is a legal issue distinct from the sufficiency of the evidence. 822 N.W.2d 631, 641 n.1 (Minn. 2012). Accordingly, we review de novo whether the district court committed legal error by not viewing C.E. as an accomplice, rather than whether sufficient evidence supports Baker's convictions. *Id.*

Generally, the test for determining whether a witness is an accomplice is whether she "could have been indicted and convicted for the crime with which the accused is charged." *State v. Reed*, 737 N.W.2d 572, 582 (Minn. 2007) (quotation omitted). But "[a] witness who is alleged to have committed the crime *instead* of the defendant is, as a matter of law, not an accomplice." *State v. Swanson*, 707 N.W.2d 645, 653 (Minn. 2006). When a witness is portrayed as an alternative perpetrator at trial, rather than an

accomplice, the witness is not considered an accomplice. *State v. Larson*, 787 N.W.2d 592, 603 (Minn. 2010).

Baker argues that the district court should have considered C.E. an accomplice because she is also prohibited from possessing a firearm, the shotgun was found in her bedroom, and she could have been charged with the same crimes. And had the district court treated C.E. as an accomplice, Baker contends, her uncorroborated testimony was insufficient to convict Baker. We are not persuaded.

Our careful review of the record demonstrates that Baker portrayed C.E. as an alternative perpetrator at trial. During opening statements, defense counsel argued that C.E. was "covering up for herself . . . by pointing the finger at [Baker]" and that Baker "was not in possession of [the shotgun] either at the time that the state says or at any other time." During cross-examination, defense counsel elicited C.E.'s testimony that she was ineligible to possess a firearm and that she knew the firearm was in the vent in the bedroom in which she was staying. Defense counsel also questioned C.E. about whether she was jealous of Baker's new girlfriend and wanted him to be charged with the crime instead of her. Finally, during closing argument, defense counsel asserted that C.E. "had the opportunity to lie" and "she was in possession of the weapon." Defense counsel concluded by asking the district court not to find Baker guilty of a crime that C.E. committed: "[The shotgun] was in her room. It was in her vent. She had every reason to lie about what was going on here."

4

Because Baker clearly portrayed C.E. as an alternative perpetrator, she was, as a matter of law, not an accomplice. *Swanson*, 707 N.W.2d at 653. We discern no error by the district court in convicting Baker based, in part, on C.E.'s testimony.

**Affirmed.**